## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE AT JACKSON
## EASTERN DIVISION

| | |
|---|---|
| **AMERICA'S TIRES & AUDIO, INC.,** | |
| Plaintiff, | |
| vs. | **Case No.** |
| | **JURY DEMANDED** |
| **UNITED FIRE AND CASUALTY INSURANCE COMPANY** | |
| Defendant. | |

## COMPLAINT

**COMES NOW** America's Tires & Audio, Inc. ("Plaintiff") to file this complaint and would respectfully show unto this Honorable Court as follows:

### PARTIES

1.      America's Tires & Audio, Inc. is a corporation incorporated in the State of Tennessee and owns the property located at 1400 S HIGHLAND AVE, JACKSON, TN 38301-7581 ("The Property"), which is also Plaintiff's principal place of business.

2.      United Fire and Casualty Insurance Company ("Defendant") is an insurance company incorporated in the State of Iowa with its principal place of business located at 118 SECOND AVENUE SE, CEDAR RAPIDS, IOWA 52401.  Defendant can be served through the Commissioner of Insurance.

## JURISDICTION

3.      Plaintiff brings this complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## FACTS

4.      On March 27, 2017, a violent storm produced hail measuring over one inch in diameter, windborne debris, and sustained winds over 50 MPH, as reported by local news media at or near the location of The Property in Columbia, Tennessee.  The Property is a multiple use commercial car repair structure with a flat pitch roof.

5.      The violent winds and hail caused severe dents, divots, and damage to the EPDM roofing and the insulation below the waterproofing membrane by creating hail strikes in said portions of the roof.  The dents and divots found in the EPDM roofing and waterproofing membrane are consistent with the size of the hail reported. Damage was also found in the form of wind damage which caused the waterproofing membrane to be loosened, stretched, and torn.

6.      Hail strike damage was also found on ventilators and HVAC units on the roof corresponding to the size of the reported hail on March 27, 2017.

7.      As a result of these and other damages caused by the storm, The Property will need a complete roof replacement down to the support deck as well as replacement of vent caps and HVAC condenser fin sets.

8.      At all times referenced herein, Plaintiff had an insurance policy with Defendant whereby Defendant agreed to insure The Property against loss and property damage in exchange for insurance premiums paid by Plaintiff.  The policy number for the agreement between the parties is 60442757 ("The Policy") and was in effect at the time of loss.

9.     The Policy is an "all risk" policy, which means that it provides insurance coverage for all direct physical loss of or damage to The Property unless the loss is specifically excluded or limited by The Policy.

10.     The Policy's coverage for The Property was on a "actual cash value" valuation basis, which means that coverage is provided by Defendant based upon the actual cash value of the loss less Plaintiff's deductible.

11.     Pursuant to The Policy and at all times relevant to this Complaint, Plaintiff paid a premium to Defendant in exchange for insurance coverage as set forth in The Policy.  Plaintiff paid the required premiums at all times relevant to this Complaint.

12.     Defendant refused to pay and perform under the provisions of the insurance contract after Plaintiff performed all conditions precedent necessary to trigger the duties and obligations of Defendant pursuant to the aforesaid contract.

13.     The hail damage is covered by The Policy and should have covered the damage to The Property.  Because of Defendant's failure to perform under the contract, Plaintiff has suffered enormous losses.

14.     Prior to the loss, The Property was well-maintained and in good condition in order to maintain a quality environment.  There were no visible signs of any pre-existing damage to The Property.  The damage that persists to The Property is the type of damage that is consistent with wind and hail damage.

15.     Plaintiff took immediate steps to mitigate their loss and promptly reported the loss to Defendant by filing a claim.  The claim number associated with Plaintiff's report to Defendant is 4120152746.

16.     The Policy was in full force and effect at the time of the loss and the loss is a compensable claim under the terms of The Policy. As it relates to the loss, there is no applicable exclusion.

17.     After the loss, Plaintiff fulfilled all duties imposed upon him by The Policy.

18.     Defendant has refused to pay for the damage caused to the Property associated with Plaintiff's claim and loss.

19.     There is no reasonable coverage dispute or other justifiable reason for Defendant's refusal to timely pay Plaintiff's claim.  Defendant's refusal to timely pay Plaintiff the amount owed pursuant to The Policy is without justification.

20.     As a direct and proximate cause of Defendant's actions and/or failure to act, Plaintiff has sustained substantial compensable losses.

## CAUSES OF ACTION

21.     The allegations contained in paragraphs 1-20 of this Complaint are incorporated herein by reference, as if set forth verbatim for the following causes of action:

## BREACH OF CONTRACT

22.     The Policy providing insurance to Plaintiff is a binding contract and is supported by valid consideration.

23.     Defendant is in total and complete material breach of The Policy and Defendant is liable to Plaintiff under The Policy for the damage to The Property.  Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the damage to The Property as required by the terms of The Policy.

24.      As a result of Defendant's breach of contract, Plaintiff has sustained substantial and compensable losses for the amount claimed under The Policy, including but not limited to the

actual cash value of the damage to The Property and temporary repairs, as well as consequential damages, plus interest thereon.

25.      Defendant's actions and breaches have further caused Plaintiff great and substantial harm due as Plaintiff has been unable to replace much of the damage to The Property.  This financial hardship was caused by Defendant and this is a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by The Policy.

26.      Plaintiff has mitigated his loss to the extent possible and Defendant is liable to Plaintiff for his loss.

27.      Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages.  *See*, *e.g.*, *Riad v. Erie. Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013).  Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly:  (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) refused and failed to obtain all reasonably available information before denying Plaintiff's claim; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interest equal to that of its own; (7) failed to promptly provide Plaintiff with an reasonable explanation for its refusal to fully pay their claim; (8) failed to pay all amounts due and owing under The Policy with no reasonable or justifiable basis; (9) made vague references that it would offer Plaintiff substantially less that the amount actually owed in an effort to deprive Plaintiff of his rights under The Policy; (10) utilized biased "experts" that were outcome driven toward avoiding coverage; (11) engaged in such other

acts toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the duties owed to Plaintiff; and (12) fabricated defenses in a blatant and obvious effort to deprive Plaintiff of the amounts due per The Policy. Defendant knew or reasonable should have known, that Plaintiff was justifiably relying on the money and benefits due him under the terms of the policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully compensate Plaintiff for his loss and withheld monies and benefits rightfully due to him. In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests and should be punished. Plaintiff seeks, and is entitled to, punitive damages.

## STATUTORY BAD FAITH

28.     Defendant's refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Defendant and full payment has not been made for the damage to The Property as required pursuant to The Policy for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

29.     The bad faith of Defendant is evidenced by the fact that, all times material hereto, Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due him under the terms of The Policy and as otherwise promised and represented by Defendant, as well as actions of Defendant as set forth in paragraph 30 below and 28 above. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to pay in full Plaintiff's valid claim and withheld monies and benefits rightfully due to Plaintiff.

30.     Defendant's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

a.     Defendant's intentional failure to fully inform Plaintiff of his rights and obligations under The Policy;

b.     Defendant's intentional failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when liability was reasonably clear;

c.     Defendant's intentional refusal to pay Plaintiff's claim in full and to otherwise honor its obligations under The Policy without conducting a reasonable investigation based on all available information;

d.     Defendant's intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it had not further obligations to Plaintiff;

e.     Defendant's failure to promptly provide Plaintiff with a reasonable and accurate explanation for its refusal to pay their claim in full;

f.     Defendant's intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff for his loss;

g.     Defendant's intentional failure to pay all amounts due and owing to Plaintiff under The Policy with no reasonable or justifiable basis; and

h.     Defendant's unjustified refusal to pay Plaintiff's claim for its own financial preservation.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff would request that proper process be issued and served on Defendant requiring a timely answer and this Court award a Judgment against Defendant as follows:

1.   For compensatory damages not to exceed $500,000.00.

2.   For punitive damages not to exceed $500,000.00 or the maximum allowed by law.

3.   For a statutory bad faith penalty of twenty-five percent (25%).

4.   For reasonable attorney fees as provided for by the policy, if any.

5.   For pre- and post-judgment interest and costs for this cause.

6.   For a jury to try this matter.

7.   For such other further and general relief as this Court deems just and equitable.

Respectfully Submitted,

_____

Randall N. Songstad (18442)
Attorney for Plaintiff
254 Court Ave., Ste. 213
Memphis, TN 38103
(901) 870-5500